State v. Goetz and Martin.

Kumerly v. Nash, 1 Stark. 452; Hooper et al. v. Richmond, 1 Stark. 507; Ruffey & Co. v. Grunwell & Co., 10 Ad. & El. 222; Payne v. Clarke, 23 Mo. 259.)

It seems that the case of Payne v. Clark overrules the case of Ayres v. Haynes, 13 Mo. 252.

———◄●●►———

STATE, Réspondent, *v.* AUGUSTA GOETZ AND CATHARINE MARTIN, Appellants.

*Larceny—Evidence.*—Upon the trial of an indictment for larceny, evidence of the commission of a separate and distinct larceny from that charged is inadmissible.

*Appeal from St. Louis Criminal Court.*

*T. G. C. Davis,* for appellants.

The defendants, Goetz and Martin, were indicted for stealing some lockets and breastpins from Eugene Jaccard, in the store of said Jaccard, on Fourth street, in the city of St. Louis.

I. The court erred in permitting the circuit attorney to prove that a gold chain was found on the person of the husband of the defendant Goetz, and that she confessed she put it into his pocket. There was no evidence tending to show that the chain was the property of Jaccard, or had ever been in his possession or in his store. The possession of the gold chain by the husband of the defendant Goetz, and her confession in relation thereto, tended only to prove a separate offence unconnected with that for which the defendants were indicted, and so to prejudice the minds of the jury against the defendants. Evidence of a separate and distinct larceny from that for which a defendant is indicted and tried is not receivable against such defendant for any purpose whatever. (Regina v. Oddy, 6 Brit. Cro. Cas. 266; Barton v. The State, 18 Ohio, 221; Walker v. The Commonwealth, 1 Leigh, Va., 574.)

II. The court erred in permitting the witness Gray to answer the question propounded to him by the circuit attorney in relation to cuffs, the property of said witness, because the witness' testimony tended to prove the defendants guilty of an offence unconnected with that for which they were indicted and being tried. (Regina v. Oddy, 6 Brit. Cro. Cas. 266; Barton v. The State, 18 Ohio, 221; Walker v. The Commonwealth, 1 Leigh, Va., 574.)

III. The court erred in instructing the jury "that evidence upon the matter of other larcenies than the matter of the larceny of the property of Mr. Jaccard was admitted for their consideration solely as tending to throw light or bear upon the question as to whether the property of Mr. Jaccard, if taken at all by the defendants, was taken by them with a felonious purpose; or as to whether the property of Jaccard

was taken by children of tender years, in the company of the defendants, without their knowledge, consent or connivance; but that the evidence might and should be regarded by them as throwing light upon the question." Evidence of such larcenies as are wholly unconnected with that for which a defendant is indicted is inadmissible for any purpose whatsoever; and the court consequently erred in charging the jury that evidence of other larcenies than the alleged larceny of Jaccard's property should be considered by them upon the question of intention; or upon the question whether the defendants stole the property of Jaccard, or it was taken by children of tender years then in company with defendants.

*Voullaire*, for respondent.

I. The possession of stolen property raises only the presumption of guilt, which may be removed by evidence of good character, &c.  (Barb. Crim. L. 184.)

II. So that in larceny, it becomes necessary to prove the felonious intent; that the taking was not done through mistake; that the goods were not put in possession of defendant unknown to him, &c.; and this felonious intent, or *animus furandi*, or *quo animo*, must be proved by circumstances connected directly or indirectly with the larceny, or by other crimes or acts committed by defendant distinct from the offence with which he is charged — but showing, or tending to show, such felonious intent; all of which must be governed according to circumstances.  In this case, defendants having shown their defence to be good character by the depositions filed on their behalf in the case, and in their application for a continuance, and from the testimony of the witnesses, that their children had taken the property unknown to them, &c., the State was forced to adduce different acts of defendants to explain and negative their defence, and substantiate their guilt.  In fact, all the larcenies were committed within the space of one and a half blocks, within one hour, in the same manner, forming one continuous act, and one common scheme to commit larceny.  (State v. Wolf, 17 Mo. 172; Rex v.

Ellis, 6 Barn. & Cress. 145; 2 Russ. on Crimes, 774, &c., t. p.; Stafford Sun Ass. 1843; Rex v. Stonnyer, 2 Russ. on Crimes, 775, t. p.; Rex v. Long, C. C. & P. 179; 2 Russ. on Crimes, 777, t. p., *n.* F.; 2 Russ. on Crimes, 777, 2 t. p.; Rex v. Winkworth, 4 C. & P. 444; Rex v. Mogg, 4 C. & P. 364; 2 Russ. on Crimes, 778, marg. *n.* O.; Neath v. Com'th, 1 Robinson, Va. 735; Whart. Crim. L. 300, *n.* 7; 1 Greenl. Ev. 71, § 53; Rex v. Dassett, 2 C. & K. 306; Williams v. State, 8 Humph. 585–593; 2 Russ. on Crimes, 774–9, 780–3, 251–2; Whart. Crim. L. 299, 300–1, 677; Barb. Crim. L. 184–5; Burr v.Com'th, 4 Grat. 534; Rex v. Davis, 6 C. & P. 177; Rex v.Dunn, 1 Moody, 146; Rex v. Wylie, 4 Bos. & Pull. 91; Dun, Adm'r, v. State, 229; Rex v. Voke, 1 Russ. & Ry.; Pickman v. Case, 2 East, P. C., 1035.)

BAY, Judge, delivered the opinion of the court.

The defendants, together with one Elizabeth Wohlman, were indicted for stealing various articles of jewelry from the store of Eugene Jaccard, in the city of St. Louis, on the 7th of November, 1861. Upon the trial, it was shown that defendants, accompanied by two small children, were, on that day, in the store of Jaccard examining and pricing goods, and while so engaged the clerk missed several articles which he had placed upon the counter for their inspection; and, suspecting that defendants had taken them, procured their arrest; whereupon several articles of jewelry, such as lockets and breastpins, of considerable value, were found in their possession, or dropped by them on the street on their way to the prison. The theory of the defence was that the property was taken by the children, and placed by them about the persons of the defendants.

Against the objections of the defendants, the State gave evidence tending to prove that, on the same day, and near the same hour, and at stores in the vicinity of Jaccard's, the defendants had feloniously taken other articles from other persons. The admission of this evidence is the princi-

pal ground of error relied upon for a reversal of the judgment.

As a general rule, evidence of matters other than those charged in the indictment are inadmissible; and the reason of the rule is obvious enough, for when a party is charged with a particular offence he has notice to be prepared to defend himself; but he cannot be prepared to defend himself against a charge of which he has had no notice, and which is exhibited against him for the first time while on trial for another and distinct offence. But this rule is subject to various exceptions, rendered necessary by the difficulty which the prosecution labors under to establish the intent with which the act is done. Thus, upon an indictment for uttering a forged bank note, knowing it to be forged, evidence may be given of other forged notes having been uttered by the prisoner, in order to show his knowledge of the forgery. If such evidence was inadmissible, it would be impossible, in ninety-nine cases out of a hundred, to fix a criminal intent upon the offender.

So, on an indictment against a receiver for receiving several stolen articles, if it be proved that they were received at several times, the prosecutor may be put to his election; yet evidence may be given of all the receipts for the purpose of proving guilty knowledge. (2 Russ. on Crimes, 777.)

So, in a case when the prisoner was indicted for forgery and uttering with guilty knowledge a bill of exchange purporting to be drawn upon a certain banking-house, it was held that other forged bills upon the same house, which were found upon the prisoner at the time of his arrest, were admissible as evidence of guilty knowledge. (Spencer v. Commonwealth, 2 Leigh, 751.)

On an indictment for an assault with an intent to commit a rape, evidence of previous assaults on the prosecutrix are admissible to show the intent with which the assault in question was committed. (Williams v. The State, 8 Humph. 585.)

So, on an indictment for administering sulphuric acid to horses with intent to kill them; administering at different

times was permitted to be shown in order to demonstrate the intent.    (Rex v. Mogg, 4 Carr & Payne, 364.)

. Upon an indictment for maliciously shooting, if it be questionable whether the shooting was by accident or design, Mr. Russell says, proof may be given that the prisoner at another time intentionally shot at the same person.

Various other cases might be referred to, in which evidence of other offences than that charged in the indictment has been admitted to prove intent, but they fall within some of the exceptions to the general rule above stated ; but we have been unable to find any reported case in which, upon a trial for larceny, evidence of another and distinct larceny was admitted to establish the one charged in the indictment. Upon the contrary, we have found cases in which it was held that such evidence was inadmissible, unless it could be shown that some connection existed between the two felonies.

In Regina v. Oddy, 6 Brit. Crim. Cases, 266, cited by the prisoner's counsel in this case, it was holden that, on the trial of an indictment containing counts for stealing, and for receiving the property of A. knowing it to be stolen, evidence of the possession by the prisoner of other property stolen from other persons at other times was not admissible to prove either the stealing or the receiving.

In Barton v. The State, 18 Ohio, 221, the defendant was tried upon an indictment for the larceny of a mare and gelding and a two-horse buggy wagon.  On the trial, it was proved that the defendant hired the property from Taylor & Adams for the alleged purpose of going to a town called Avon, a distance of about thirty miles, and that on leaving he drove to Painesville, about thirty miles distant in an opposite direction, and was arrested on the same night.  For the purpose of showing that the prisoner, when he hired the horses, did not intend to return with them, the State proved by one James Eberhart that, on the night before the defendant drove off the horses, he lodged with witness and stole from witness twenty-five dollars in gold.  The Supreme Court of Ohio held that the evidence was clearly inadmissible.

The case of Walker v. The Commonwealth, reported in 1 Leigh, 574, and in which J. Brockenbrough delivered a very learned opinion, is, in many respects, very similar to the case at bar. The defendant was indicted for stealing a watch, of the value of fifty dollars, the property of one Elizabeth Bolton, and the Commonwealth introduced evidence to show that the watch had been taken, without the consent of the owner, from her house, and on the same day was found in possession of the prisoner. The prisoner insisted that it was loaned to him by said Bolton; and for the purpose of establishing the felonious intent, evidence was given by the prosecution that, on the same day he took the watch, he also stole a cloak from another person. Upon an appeal to the General Court of Virginia, this evidence was held inadmissible, and the judgment of the lower court reversed.

In the case at bar, the State had the benefit of the usual presumption arising from the recent possession of the stolen property, and was therefore not driven to the necessity of proving intent by proving other felonies committed about the same time; and it is not perceived, therefore, how this case can be brought within any of the exceptions above referred to.

The offences proved were separate and distinct, and the defendants might have been indicted for each and every one of them. Though committed on the same day, and under circumstances of a similar character, yet they are not so blended or connected that the investigation of one involves an inquiry into the other.

We are free to admit that the question is not free from difficulty, but, as at present advised, are inclined to the opinion that the evidence was inadmissible; for which reason the judgment will be reversed and the case remanded for a new trial, the other judges concurring.