STATE of Missouri, Respondent,

v.

John Edward LIGHT, Appellant.

No. 56302.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Ronald J. Fuller, Rolla, for appellant.

HENLEY, Judge.

John Edward Light (hereinafter defendant) appeals from a judgment sentencing him to imprisonment for a term of ten years upon his conviction by a jury of armed robbery. Secs. 560.120 and 560.135, RSMo 1969, V.A.M.S.

There is substantial evidence from which the jury reasonably could find that on July 29, 1970, shortly after 2:00 a. m., defendant, armed with a .38 caliber revolver, held up and robbed Everett Birdsong, the attendant in charge of a Standard Oil service station, taking from him approximately $86.00, the property of the owner of the service station.

Defendant's first point is that the court erred in overruling his motion to disqualify the trial judge and, therefore, was without jurisdiction to hear the case. The case was set for trial for Wednesday, October 28. Defendant's motion, filed Friday, October 23, 1970, states that he acquired knowledge of the existence of grounds therefor on October 22. The court overruled the motion, stating as one of its reasons that it was " * * * not timely filed (there being an intervening Sunday) under Rule 31.01." Rule 30.12, V.A.M.R., requires that the motion be filed not less than five days before the day the case has been set for trial. The motion was filed only four days before trial date, the day of filing and the intervening Sunday not being counted under Rule 31.01 and, therefore, was not timely filed. The

trial judge was not disqualified by the motion. State v. Thompson, Mo., 472 S.W.2d 351, 353 [1].

Defendant's last point is that the court erred in admitting, over his objection, testimony of Corporal D. L. Wilson, an officer of the State Highway Patrol, that he learned the identity of defendant by interrogating him at the Phelps county hospital in the course of his investigation of an automobile accident which occurred on I-44 within a few minutes after and a short distance from the scene of the robbery. Defendant says this investigation was a part of the officer's investigation of the robbery. He contends that this interrogation was conducted without giving him the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and violated rights guaranteed him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

█▊▊ We are unable to find in our review of this record any reference in the testimony of Corporal Wilson that he learned anything about the identity of defendant or the robbery in an interrogation of the defendant. He testified that he questioned defendant at the hospital, but he was not asked and did not say what, if anything, defendant told him. Because of this, we asume defendant has reference to the officer's questioning of Henry John Scott, defendant's alleged accomplice, who told the officer at the hospital that he was the driver of the "get-away" automobile which had been wrecked on I-44, and that defendant was his passenger. There was no objection by defendant to this testimony about what Scott had told the officer until quite some time after the testimony was elicited on direct examination; the first objection came near the close of cross-examination. The objection was not timely made and the court did not err in overruling it. State v. Robb, Mo., 439 S.W.2d 510, 514 [6]. Moreover, defendant has no standing to object to evidence of what Scott said to the officer on the ground that this was a violation of Scott's Fifth Amendment right, because this is a right personal to Scott.

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and LEWIS, Special Judge, concur.