STATE of Missouri, Plaintiff-Respondent,

v.

Kenneth Arnold LEWIS,
Defendant-Appellant.

No. 9862.

Missouri Court of Appeals,
Springfield District.

July 1, 1976.

Motion for Rehearing or Transfer
Denied July 26, 1976.

Jerry L. Wilkerson, Steelman & Wilkerson, Salem, for defendant-appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

Kenneth Arnold Lewis appeals from a judgment and sentence of seven years' imprisonment for burglary in the second degree as defined and denounced by § 560.070, RSMo 1969, V.A.M.S.

The Hauck Oil Company operates a wholesale gasoline and automobile parts business at 18th Street and the Frisco tracks in Rolla, Missouri. At some time during the night of December 26, 1973, a burglar broke into Hauck's "east side" warehouse and moved several cases of spark plugs from an inside storage area to a position near the point of entry.

Rolla police officers literally tracked the defendant through the snow from the Hauck warehouse to his wife's pickup, which was parked nearby. The defendant started to drive away. The officers followed him a short distance, stopped him, discovered that he was intoxicated and "arrested him for driving while intoxicated."

The defendant was taken in custody and remained overnight at the Rolla City Jail. The following morning he was taken to the Phelps County Courthouse. There the investigating officers read the defendant a *Miranda* warning. The defendant said he understood his "rights", but nevertheless wanted to make an oral statement. According to Officer Kelley, "Mr. Lewis told Deputy Snodgrass and myself that he had broken the window to Hauck Oil Company and that a—one Henry John Scott had entered the building and carried the spark plugs from the second floor down to the window and he had taken four cases, if I'm not mistaken, of these spark plugs out of the window and set them on the sill when Officer Waterman and myself had come by going across the street, and [they] then seen us, and left the scene around the west end of the building."

The defendant does not question the sufficiency of the evidence. The two assignments of error briefed and argued in this court are: 1) that the trial court erred in denying defendant's motion or affidavit for disqualification of judge; 2) that the trial court erred in finding the Second Offender Act applicable because the amended information did not allege that the defendant was placed on probation for the prior offense.

The record discloses that this case was originally set for trial on June 6, 1974. The affidavit for disqualification was filed May 31, 1974. It was taken up by the court and denied on June 3, 1974, on the ground that the defendant had failed to give reasonable notice of his intention to file the affidavit. The case was then reset for trial on June 12.

■ The defendant was in no way prejudiced by the trial court's refusal to disqualify. Even though the notice given may have been reasonable, Rule 30.12, V.A.M.R., provides that the affidavit "must be filed not less than five days before the day the case has been set for trial, except in instances where the particular trial judge has not been designated five days before the day

the case has been set for trial." There is no possibility here that the trial judge had not been designated; we know judicially that the 25th Judicial Circuit did not become a two-division circuit until Monday, January 6, 1975. § 478.700, RSMo Supp.1973, V.A. M.S. Moreover, we know judicially that June 2, 1974, was a Sunday. See *State v. Bubenyak,* 331 Mo. 549, 552, 56 S.W.2d 43, 44[1] (1932). Therefore, as in *State v. Light,* 484 S.W.2d 275 (Mo.1972), the day of filing and Sunday, June 2 not being counted, the affidavit of disqualification was filed only four days before the trial, was untimely, and was properly denied.

The defendant's second point is likewise without merit. The Second Offender Act, § 556.280, RSMo 1969, V.A.M.S., requires, among other things, a finding that the purported second offender shall have been "sentenced and subsequently placed on probation, paroled, fined *or* imprisoned" (our emphasis). The record here shows that the defendant was convicted of second-degree burglary in 1971. He was placed on probation, but his probationary release was revoked and he was required to serve the remainder of his term in confinement. The information upon which defendant was tried here did allege one of the disjunctive requirements of § 556.280, specifically that defendant "was sentenced . . . to imprisonment in the State Department of Corrections for two years and thereafter on the 20th day of June, 1973, was released upon and after full compliance with said Judgment and Sentence." In this case the State could have relied either on the probation or imprisonment in making its proof of a prior offense, but proof of both was not necessary. As was true in *State v. Tyler,* 454 S.W.2d 564, 569[12] (Mo.1970), the defendant has mistakenly assumed that the Second Offender Act requires that all the incidents subsequent to the conviction be alleged in the conjunctive. Thus, the only deficiency in the information is that no specific allegation of imprisonment was made but the very allegation that defendant was released from confinement necessarily implies that he was confined. *State v. Ellifrits,* 459 S.W.2d 293, 296[1] (Mo. banc

1970); *State v. Tettamble,* 517 S.W.2d 732, 735[4] (Mo.App.1974).

No prejudicial error appears; the judgment is accordingly affirmed.

All concur.

## ON ALTERNATIVE MOTION FOR REHEARING OR TO TRANSFER

The defendant has filed an alternative motion for rehearing or to transfer this appeal to the Supreme Court, vigorously asserting that our opinion is in conflict with the opinion of the Kansas City District in *State v. Townes,* 522 S.W.2d 22, 25[7] (Mo. App.1974). In particular, the defendant says our ruling that his motion to disqualify was untimely filed conflicts with the ruling, in *Townes,* supra, that "[a] Sunday or legal holiday which falls within the period of time in which an act is to be done does not shorten the period, but is reckoned as part of it."

Careful consideration of the court's opinion in *State v. Townes,* supra, 522 S.W.2d at 25, convinces us that the defendant perceives conflict where none exists. In *Townes,* supra, the appellant's contention was that the next to last sentence of Rule 31.01, which deals with the computation of time operates to *extend* the time in which to file an application for removal on change of venue under Rule 30.04. The court held, in essence, that a holiday which falls within the period allowed for an act to be done does not lengthen the allowable period. That is true, and *Townes* in no way conflicts with our Supreme Court's rulings in *State v. Light,* supra, 484 S.W.2d at 275–276[1], and *State v. Thompson,* 472 S.W.2d 351, 353[1] (Mo.1971), nor with our opinion on this appeal.

The motion for rehearing is denied; the alternative motion to transfer is denied.

All concur.