**STATE of Missouri, Plaintiff-Respondent,**

v.

**John O. BROOKS, Defendant-Appellant.**

**No. 10585.**

Missouri Court of Appeals, Southern District, Division One.

June 11, 1979.

R. Jack Garrett, Clyde A. Butts, Garrett & Butts, West Plains, for defendant-appellant.

No appearance for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant guilty of common assault and he received a sentence of 30 days in jail and a $50 fine. Defendant appeals.

Defendant's sole "point relied on" is that the trial court erred in failing to enter an order disqualifying himself to try the case. Defendant claims that the order of disqualification should have been entered because defendant had taken the steps necessary under the provisions of Rule 30.12[1] to disqualify the judge.

■ The record reflects that the defendant filed two affidavits in an effort to invoke Rule 30.12. The first affidavit was filed on Friday, November 5, 1976. On November 8, 1976, the court entered its order denying the application. The record shows that the reason for the denial was that the case was set for trial on Tuesday, November 9, 1976. The action of the court with respect to the first affidavit was prop-

er because it was not filed "not less than five days before the day the case has been set for trial . . .." Rule 30.12.[2] See *State v. Light,* 484 S.W.2d 275[1] (Mo.1972); *State v. Lewis,* 539 S.W.2d 115, 116[1] (Mo. App.1976).

In *Light* the application to disqualify was filed on Friday, October 23. The case was set for trial on Wednesday, October 28. The court said, at p. 275: "The motion was filed only four days before trial date, the day of filing and the intervening Sunday not being counted under Rule 31.01 and, therefore, was not timely filed. The trial judge was not disqualified by the motion."

The record does not reflect when the trial setting of November 9, 1976, was stricken. On November 15, 1976, the case received a new trial setting of November 26, 1976, and the case went to trial on the latter date.

It is unnecessary to decide whether or not the fact that the court gave the case a new trial setting of November 26 had the legal effect of giving defendant another opportunity to invoke Rule 30.12. Even if it be assumed that defendant was given that opportunity, his second attempt to comply with Rule 30.12 was also defective.

■ On November 16, 1976, the defendant filed a second affidavit. Rule 30.12 provides, in pertinent part, "The judge shall be disqualified under the provisions of this Rule if, *having previously given reasonable notice to the opposite party,* the defendant . . . shall file an affidavit . . .." This application to disqualify the judge was properly denied on November 22, 1976, for the reason that the defendant did not give the state, "the opposite party," any notice, "reasonable" or otherwise, prior to its filing. See *State v. Shaw,* 357 S.W.2d 894, 896[2] (Mo.1962); *State v. Thompson,* 472 S.W.2d 351, 353 (Mo.1971).

The judgment is affirmed.

TITUS, J., and CAMPBELL, HENRY and BARKER, Special Judges, concur.

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Rule 30.12 contains an exception to the five-day requirement but that exception is not applicable here.