**STATE of Missouri, Respondent,**

v.

**George ROBINSON, Appellant.**

No. 50600.

Missouri Court of Appeals,
Eastern District,
Division Six.

May 20, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 1, 1986.

Application to Transfer Denied
Sept. 16, 1986.

auto

Mary Beth Ponte, Asst. Public Defender, St. Louis, for appellant.

William Webster, Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant George Robinson guilty of four heroin sales. The trial court sentenced him as a prior convict to four concurrent 20-year terms in prison.

We summarize the State's relevant evidence: Narcotics detective Dougherty testified that four times he had bought heroin from defendant in his home and identified him in court. Two undercover officers on lookout had watched detective Dougherty as he emerged from defendant's home and showed them the purchased drugs. Officer Dougherty and another officer then questioned defendant and without objection defendant told them he had made the four narcotic sales and "wanted to cooperate", gave the names of others dealing in drugs, including his father who defendant erroneously named both as Kenny Wade and Kenny Roberts.

■ The defendant first raises a point not adequately preserved for review. However we waive that defect and treat the point on its substance. Defendant

thereby claims the trial court erred in limiting his voir dire questions to a prospective juror; he contends this prevented counsel from fully determining the venireman's qualifications. By his brief defendant relies only on this:

"Q. Would you consider it possible for a police officer to lie just like any other person would lie?

A. Well, I don't know."

Further voir dire questions by defense counsel showed the now challenged venireman also declared: He would not give a policeman's testimony greater weight; he would not have a problem judging a police officer like anyone else.

We deny defendant's voir dire challenge. In *State v. Miller*, 655 S.W.2d 797[3] (Mo. App.1983) we declared:

"Our review of the voir dire examination fails to reveal a clearly expressed doubt by the venireman that he could accord defendant a fair and impartial trial."

To the same effect see *State v. Treadway*, 558 S.W.2d 646[1, 2] (Mo. banc 1977) and *State v. Bevly*, 665 S.W.2d 46 [6–8] (Mo. App.1984).

■ As to defendant's second point: Defendant did not testify and offered only his father, who gave his name as Walter Robinson; he testified he had never gone by either the names of Kenny Roberts or Kenny Wade; that he had been convicted of only one felony. On rebuttal officer Tomure testified defendant had named his father as Kenny Roberts; that police records had pictured the father.

Defendant contends error when the trial court allowed officer Tomure to testify in rebuttal, without objection, to the criminal record of defendant's witness-father. Defendant here speculates that the jury associated this testimony with him rather than his father. To this the State responds that the belatedly challenged testimony properly affected the credibility of defendant's father-witness, not the defendant.

We deny defendant's point. In *State v. Jones*, 571 S.W.2d 741[4–10] (Mo.App.1978) the court ruled a trial court has wide dis-

cretion in allowing rebuttal evidence that, as here, attacks the credibility of a defense witness. We deny defendant's point, finding no error, plain or otherwise.

■ By defendant's last point he claims error concerning officer Dougherty referring to defendant's other crimes. This arose when the officer said he first knew defendant only by the name "Snake" and he got defendant's real name from checking a computer that "would kick out a record". We cannot say this did refer to other crimes. And the State also counters that it was defendant who opened this issue.

In responding to defendant's trial objection the court pointed to defendant's cross-examination of officer Dougherty:

> "[Defense counsel has] opened it up and any evidence that will explain a negative inference raised by cross-examination of a witness ..., even though it would probably not be admissible originally ... is now admissible and the objection is overruled."

We deny defendant's last point. A party cannot complain of prejudice created by his own conduct. *State v. Byrd,* 676 S.W.2d 494[4] (Mo. banc 1984). Thus, by defendant opening up this issue at trial he cannot now complain. *State v. Zeitvogel,* 655 S.W.2d 678[10] (Mo.App.1983).

Finding no error we affirm.

PUDLOWSKI, P.J., and DOWD, J., concur.