**STATE of Missouri, Plaintiff–Respondent,**

v.

**Stanford TIMES, Defendant–Appellant.**

**No. 54582.**

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1989.

Maria V. Perron, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of attempted rape, § 566.030, RSMo 1986. The court found him to be a class X offender, § 558.019, RSMo Supp.1988, and sentenced him as a persistent offender, § 558.016, RSMo 1986, to forty years' imprisonment. He appeals; we affirm.

The victim, defendant's parole officer, was interviewing defendant at a halfway house. After making sexual innuendos to her and exposing himself, defendant attacked the officer choking her and attempting to remove her undergarments. The attack was stymied only when employees of the house pulled defendant from her. At trial, defendant relied on the defense of mental disease or defect.

■ As his principal point on appeal, defendant argues the trial court erred in not granting his request for a mistrial on the grounds that the prosecutor had improperly presented evidence to the jury of his prior crimes and raised an inference that he

cian in a nursing home and dispenses pills (con    trolled substances) to the elderly."

had used the defense of mental disease or defect before.

In his defense, defendant called a psychiatrist, Dr. Anaseril Daniel, M.D. Dr. Daniel testified that in his opinion defendant was suffering from a mental disease or defect at the time of the crime. He based his opinion on the two separate examinations of defendant he conducted and his reviews of a deposition by the victim, police reports in the case and defendant's documented psychiatric history.

During cross-examination of Dr. Daniel the following occurred:

Q. Doctor, I would like to go back to your report a little bit with you, page 3. You said that prior evaluations of this defendant always found him competent and criminally responsible; do you recall that?

A. That's correct.

Q. So you did review these prior evaluations and you are in disagreement with the doctors who made those evaluations?

A. That's very true.

Q. You also stated that you couldn't easily establish rapport with the defendant, [sic] and that the defendant was evasive—

[DEFENSE COUNSEL]: Your Honor, may we approach the bench?

Defense counsel objected to the question regarding the witness' statement in his report that prior evaluations of defendant had always found him competent and criminally responsible and requested a mistrial. Her stated ground for the objection and request was: "[W]e've alerted the jury that not only has he been charged with crimes before, but that he has raised the mental disease or mental illness defense before...." The trial court overruled the objection and denied the request. In so doing the court admitted into evidence the prosecutor's reference to other crimes and stated that it did not interpret the question to indicate defendant had used the defense of mental disease or defect before.

We find the trial court committed no reversible error here. The defense alerted the jury to the matter of defendant's prior convictions before the prosecutor posed the question objected to, therefore defendant cannot complain of the state's mention of the matter. *See State v. Lue*, 598 S.W.2d 133, 138 (Mo. banc 1980). The following question asked on cross-examination during the state's case-in-chief is illustrative of how the defense raised the matter by its questioning of the state's witnesses: "Were you aware that [defendant] had been diagnosed as a schizophrenic by the Missouri State Penitentiary?" Further, during direct examination of Dr. Daniel defense counsel elicited testimony that defendant exhibited a behavioral "pattern suggestive of an antisocial—getting into trouble with the law, ... violation of the law, convictions, and conduct problems...." Regardless of the prior testimony, in no event could defendant have been prejudiced by the prosecutor's reference to other crimes. The jury knew that defendant had a prior conviction or convictions. He was staying at a halfway house and the victim was his parole officer.

We cannot quarrel with the trial court's view that the question objected to did not imply that defendant had invoked the defense of mental disease or defect previously. It was permissible for the state to impeach Dr. Daniel's conclusions and their bases by inquiring into the scope and nature of the psychiatric history upon which he had relied. *See State v. Deyo*, 387 S.W. 2d 561, 566 (Mo.1965).

Plaintiff's point is without merit.

■ Defendant also complains about the prosecutor's closing argument contending that it misled and prejudiced the jury. We have read the prosecutor's entire argument and we conclude that the trial court did not abuse its discretion in overruling defendant's objections.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.