STATE of Missouri, Plaintiff–Respondent,

v.

Jerry Glen McCLESKEY, Defendant–Appellant.

No. 17876.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 19, 1992.

Marcie W. Bower, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following trial by jury defendant was convicted of possession of more than 35 grams of marijuana, § 195.202, RSMo Supp.1990, and sentenced to four years' imprisonment. Defendant appeals presenting two points relied on.

■ Defendant asserts in his first point that the trial court erred in overruling his objection "when the state elicited testimony from the officer who interrogated appellant that he failed to make an exculpatory statement upon arrest or disclaim ownership of the truck in which the contraband was found." Defendant states that as defendant had elected not to make a statement after the "Miranda" warning was given allowing this testimony denied his rights against self-incrimination and to due process of law guaranteed by the fifth and fourteenth amendments to the United States Constitution and art. I, §§ 10 and 19 of the Missouri Constitution.

Defendant had just exited from the truck when he was approached by a police officer. The officer testified that he asked defendant if the truck was his and defendant said it was. The officer said he then asked if he could look in the truck and the defendant said he could. Inside the vehicle he found marijuana. Defendant's counsel on cross-examination asked the officer if defendant had the keys to the truck and the officer said he did not recall. Defendant's counsel then asked "But you made no effort to see if anybody else had the keys in their possession; did you?" The officer replied:

"I couldn't question Mr. McCleskey because he did not waive his rights. And he would be the only person I could have asked."

Defendant's counsel also asked the officer if he asked any questions regarding anyone else owning the truck. The testimony complained of occurred after defendant's counsel's questions during redirect examination of the officer. The prosecuting attorney asked why the officer did not ask defendant about the ownership of the truck. The officer responded that defendant had been advised of his rights and indicated that he did not want to answer any questions.

Defendant's counsel initiated the question of what the officer had done regarding determining ownership of the truck and possession of its keys. Defendant cannot complain of the state making further inquiries about matters brought into the case by his own counsel's questions. *State v. Jordan,* 646 S.W.2d 747, 750 (Mo. banc 1983). See also *State v. Lue,* 598 S.W.2d 133, 138 (Mo. banc 1980); *State v. Robinson,* 714 S.W.2d 609, 611 (Mo.App.1986). Point one is denied.

■ For his second point defendant contends that the trial court erred in failing to declare a mistrial when the prosecuting attorney stated in argument regarding a witness who had exited the truck prior to defendant:

"I dismissed the charges if he would come in and truthfully testify. That was

the only deal. But how much worse if I had prosecuted somebody that I thought was innocent, who I thought was an innocent man caught up in a bad situation? I could not do that, so I dismissed the charges."

Defendant asserts that by making this statement the jury was left with the conclusion that the prosecutor would have dropped the charges against defendant if defendant was innocent. He contends that by stating that the charges were dropped against the witness the prosecutor is implying knowledge on his part of facts not in evidence pointing to defendant's guilt. We do not so interpret the remarks nor find any error.

■ No objection was made when these comments were made. Defense counsel had cross-examined the witness regarding the arrangements made when the charges against the witness were dismissed. The prosecutor's argument was in regard to the inferences attempted to be made by defendant's counsel that the witness was testifying that the marijuana belonged to defendant in order to protect himself. Complaints during argument call for immediate objection so that corrections may be made and if necessary, appropriate cautionary instructions given. *State v. Hill*, 808 S.W.2d 882, 887–888 (Mo.App. 1991). An objection after the close of argument is too late to preserve error. *Id.* at 888.

Of course, this court can review for plain error under Rule 30.20 if it finds plain error creating "manifest injustice or miscarriage of justice". Such relief is rarely granted in matters contained in closing argument. *Hill*, 808 S.W.2d at 888.

Review of the record discloses no manifest injustice or miscarriage of justice. Point two is denied.

The judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, P.J., concur.