STATE of Missouri, Respondent,

v.

George B. SHAW, Appellant.

No. 48839.

Supreme Court of Missouri,

Division No. 1.

June 11, 1962.

Grace S. Day, St. Joseph, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

HOLLINGSWORTH, Judge.

Defendant, George B. Shaw, has appealed from a sentence of imprisonment in the State Penitentiary for a term of two years imposed in conformity with the verdict of a jury finding him guilty of the offense of forgery and felonious alteration of a certain check issued to defendant by Julian Bulla for the principal sum of $60 and thereafter by defendant feloniously so altered as to purport to have been issued for the principal sum of $604. A brief statement of the material evidence adduced in behalf of the State will suffice for determination of the errors assigned in appellant's brief.

On Saturday, June 18, 1960, defendant called at Harrison Asbury's home in King City, Gentry County, Missouri. Representing himself as a "termite extinguisher", he inquired of Mr. Asbury if he desired any work of that nature done. Advised in the negative by Mr. Asbury, defendant, followed by Mr. Asbury, went to the home of Julian Bulla, an approximately ninety-year-old citizen of King City, residing about one-half block from the home of Mr. Asbury. There defendant, in the presence and hearing of Mr. Asbury, talked with Mr. Bulla about termites and told Mr. Bulla that it would cost $60 to free his home of termites. Mr. Bulla assented to that proposal. Thereupon, a man, working for defendant, dug a small hole in the foundation of Mr. Bulla's home and entered the hole, staying there about an hour, presumably "spraying" the premises. During that time, Mr. Bulla and Mr. Asbury sat on Mr. Bulla's porch. Defendant then advised Mr. Bulla that he was ready for his check and defendant and Mr. Bulla went into Mr. Bulla's house. While they were in the house, defendant told Mr. Bulla, "It was sixty dollars." Mr. Bulla said, "You write out the check and I'll sign it." Defendant wrote the check, Mr. Bulla looked at it, saw that it was for the amount of $60 and signed it. On Monday, June 20, 1960, defendant and another man came to Mr. Bulla's home. The man had a hammer and some short pieces of lumber. That man

remained at the home about one-half hour. On the same day, defendant came to the First State Bank of King City and presented to Roy Lux, cashier of said bank, the check signed by Mr. Bulla. It bore the date of June 17, 1960, and was drawn on said bank, purportedly for the sum of $604. Mr. Lux knew Mr. Bulla's signature and knew defendant by sight and priorly had cashed checks payable to him. Defendant endorsed the check in Mr. Lux's presence and Mr. Lux cashed it. Before doing so, however, Mr. Lux inquired of defendant what he had done for Mr. Bulla and was informed by defendant that he "had put a new foundation under Mr. Bulla's house."

Defendant did not testify. Earl Robertson of Stanberry, Missouri, called as a witness in behalf of defendant, testified that he had met defendant one time, to wit: on June 20, 1960; that on that date, around eleven o'clock, defendant did some "termite work" for him, finishing the job within about an hour, for which Robertson paid defendant $196; and the work was satisfactory.

The information, as originally drawn, consisted of two counts. The first count contained the charge of which defendant was tried and convicted. The second count charged defendant with felonious possession and utterance of the aforesaid check. At the conclusion of all of the evidence, the State, with consent of defendant, dismissed as to the second count. Other trial incidents will be referred to as necessary.

■ Counsel for defendant charges error in the refusal of the trial court to grant the defendant a continuance. On the morning of February 13, 1961, when the case was called for trial, counsel for defendant requested two or three days' time for the stated purpose of procuring the attendance of witnesses who, counsel for defendant said, would testify that defendant was not present when the alleged crime was committed. Counsel for defendant then stated that she had also understood that the prosecuting attorney, if asked by the court, would

recommend, upon defendant's plea of guilty, a jail sentence and the placing of defendant on probation, if defendant would make restitution, and that she had thought the case might be disposed of without trial. Counsel for the State agreed that he had promised counsel for defendant, if asked by the court for a recommendation, to so recommend to the court. It was evident that the court was not interested in disposing of the case in that manner. Interrogated by the court, counsel for defendant also expressly admitted that she had in open court agreed on the 27th day of December, 1960, the case was to be set for trial on February 13, 1961, and that defendant would be ready for trial on that date. No written application for continuance was made and nothing further was said with reference to the procurement of witnesses who would testify as counsel for defendant had priorly stated to the court. Although the court unnecessarily permitted trial of the case to continue into the second day in order to afford defendant opportunity to procure the attendance of any witnesses that might be available, there is no showing or suggestion that any effort was ever made to subpoena or otherwise procure the attendance or testimony of any of the witnesses referred to by counsel for defendant as having knowledge that defendant was not present when the crime with which he was charged was committed. The trial court did not err in denying the application. S.Ct. Rule 25.08, V.A.M.R.; State v. LeBeau, Mo., 306 S.W.2d 482, 486.

■ After the court had denied defendant's application for continuance, counsel for defendant orally requested the court to grant her leave to submit an application for change of venue. Interrogated by the court, counsel admitted that the application was sought solely for the purpose of delay, but later added that she wanted time to prepare properly for the defense and "on the grounds I feel that at this time that the Judge would be biased and prejudiced of (sic) defendant." The court stated, "Request denied. I think the counsel's statement was true. You only want a continu-

ance, you know." There the matter ended. The request for "change of venue" was not made in the manner provided nor upon previously given reasonable notice to the opposite party that defendant could not have a fair and impartial trial by reason of the interest or prejudice of the judge, as contemplated by S.Ct. Rule 30.12 and was therefore properly denied. State v. Thost, Mo., 328 S.W.2d 36, 39.

■ Defendant next contends that the court erred in permitting the State to try defendant on the first count of the information when "no charge of uttering (as alleged in the second count) had been previously filed in the magistrate court," and that defendant had not been afforded an opportunity to have a preliminary hearing on that charge. The record shows that the information in two counts was filed on September 9, 1960, and that defendant, on September 12, 1960, waived formal arraignment and entered a plea of not guilty. The case thus remained on the docket, thereafter went to trial and was tried without any objection whatever under the information in two counts as originally filed until, at the close of all of the evidence, counsel for the State, with full consent of defendant, volunteered to dismiss as to the second count. The law is clear that when an information charging the commission of a felony is filed in the circuit court and the defendant, represented by counsel, pleads the general issue and goes to trial without calling the matter of want of preliminary hearing to the attention of the trial court, he is held to have waived any right thereto. State v. Cooper, Mo., 344 S.W.2d 72, 75. That is precisely what occurred in this case. But, even if it had not so occurred, the charge of "uttering", as set forth in the second count, was dismissed by consent of defendant. Under no conceivable theory could defendant have been prejudiced by the procedure followed in this case.

■ Defendant next contends that the evidence was insufficient to connect defendant with the crime charged and of which

defendant was found guilty. We need not here again review the evidence. The mere reading of it demonstrates its sufficiency to support the verdict and judgment.

■ Defendant further contends that the verdict rendered is against the greater weight of the evidence and was returned under the influence of passion and prejudice. There is not a scintilla of evidence or indication of any kind in the record to support the contention made by defendant that the verdict was the result of passion or prejudice on the part of the jury. The charge does not prove itself. The contention is without merit.

■ Defendant next challenges Instruction No. 1 given in behalf of the State "as being contra to the evidence in the case, all to the bias and prejudice of the appellant and being against the burden of proof and weight of evidence presented herein, in that the State attempted to procure conviction on circumstantial evidence alone." The instruction, insofar as material to the complaint here made of it, hypothesizes a finding beyond reasonable doubt that defendant "willfully and feloniously did forge and alter the check set out in the Information and read in evidence, made by one Julian Bulla and drawn on the First State Bank of King City, Missouri, payable to the defendant, George B. Shaw, in the amount of Sixty Dollars by forging and altering said check so that it purported to have been drawn in the sum of Six Hundred and Four Dollars, and that the same was forged and altered by the defendant, George B. Shaw, if you so find, with the intent on the part of the defendant, George B. Shaw, to defraud the said Julian Bulla, then you will find the defendant, George B. Shaw, guilty * *." It is sufficient in form and is supported by direct evidence. The contention is overruled.

■ Defendant next contends that the court erred in admitting State's Exhibit No. 1, the check described in the information, into evidence on grounds "no proper iden-

tification was made for its introduction, and no showing that said exhibit had any connection with the appellant in this case." Reference to the testimony above set forth so clearly refutes the contention made by defendant as to require no further discussion of it. It is without merit.

The record shows that the defendant was duly arraigned and entered a plea of not guilty. The information is in due form, Section 561.011 RSMo 1959, V.A.M.S.; State v. Adamson, Mo., 346 S.W.2d 85, 89. The verdict is in due form and the punishment assessed within the limits of § 561.011. Defendant and his counsel were present throughout all stages of the proceedings. Allocution was granted and the judgment is in due form of law.

The judgment is affirmed.

All concur.