**STATE of Missouri, Respondent,**

**v.**

**Ervin C. THOMPSON, Appellant.**

No. 55825.

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Ronald J. Fuller, Rolla, for appellant.

HOUSER, Commissioner.

Ervin C. Thompson has appealed from a judgment of conviction entered upon a jury verdict finding him guilty of uttering a forged instrument and assessing punishment at confinement in the county jail for 6 months and a fine of $250.

Appellant's first point challenges the jurisdiction of the circuit court on the ground that in compliance with Criminal Rule 30.12 V.A.M.R. accused filed an affidavit to disqualify the regular judge but the judge overruled the affidavit and proceeded to try the case. The rule provides that "The judge shall be disqualified under the provisions of this Rule if, having previously given reasonable notice to the opposite party, the defendant or the prosecuting attorney shall file an affidavit stating the defendant or the state, as the case may be, cannot have a fair and impartial trial by reason of the interest or prejudice of the judge. Said affidavit must be filed not less than five days before the day the case has been set for trial, * * *." The case

was set for trial on March 25. On Friday, March 20, at about 1 o'clock p. m. counsel for accused filed a "Notice of Application for Disqualification of Regular Judge" and an affidavit. A copy of the notice, posted by regular mail, was received by the prosecuting attorney on Monday, March 23.

■ Criminal Rule 30.12 contemplates giving notice a reasonable length of time before filing the affidavit and requires that the affidavit be filed at least five days before the day the case is set for trial. Accused failed to observe both requirements. Notice was not given before the filing of the affidavit and the affidavit was filed only four days before trial date. (Neither March 20 nor March 22 is to be counted in the computation. Criminal Rule 31.01.) The notice and affidavit not having been timely filed the affidavit did not automatically disqualify the trial judge. State v. Crow, Mo.Sup., 388 S.W.2d 817, 822 [13].

Appellant urges that in overruling the affidavit the trial judge did not exercise sound judicial discretion. On the day the case was first set for trial (March 10) the State announced ready for trial but accused, appearing with his counsel, was not ready and the court accommodated accused by resetting the case for trial on March 25. On March 24 the prosecuting attorney filed a motion challenging the motion to disqualify the regular judge, in which he requested that accused's motion be overruled and denied by reason of the untimely filing of the affidavit and failure to give reasonable prior notice of the filing under the rule. The prosecuting attorney alleged that the untimely filing of the affidavit and untimely notice constituted a delaying tactic, making it "virtually impossible" to call in a special judge on the day the case was set for trial. On the same day, March 24, the court heard arguments by counsel on accused's motion to disqualify and the prosecutor's counter motion, during the course of which it was conceded that no notice preceded the filing of the affidavit to disqualify. Under the circumstances the motion for disqualification not having been timely filed and not having been made on reasonable notice to the prosecuting attorney as contemplated by the rule there was no abuse of discretion in denying the motion, State v. Shaw, Mo.Sup., 357 S.W.2d 894, 896 [2]; State v. Wilkinson, Mo.Sup., 423 S.W.2d 693, 699 [7], or in not entering an order of disqualification on the court's own motion.

■ Appellant's second point is that the court erred in overruling his challenge for cause directed at seven jurors on the ground that they were not selected according to law and were ineligible to serve as jurors in the case; that their inclusion on the jury deprived him of his right to trial by a lawfully selected jury. The grounds of challenge were that some of the jurors were selected by the jury commission as alternates rather than as regular jurors but that alternate jurors may not serve when regular jurors are present; that alternate jurors were permitted to serve when there were no regular selected jurors from their township who had been excused or had failed to attend, in violation of § 494.260, V.A.M.S.; that there was no effort to summon alternate jurors in the order in which their names were drawn and that prospective jurors had been summoned as standing jurors twice within the period of one year in violation of § 494.250, 2., V.A.M.S. This point is disallowed. "The fact that the juror is serving a second time during the same year is not a disqualification nor a ground for challenge." State v. Meininger, Mo.Sup., 290 S.W. 1007, 1008 [2]. And see State v. Eddington, Mo. App., 286 S.W. 143. (The provision of § 6616, RSMo 1919 touching this matter was the same as present § 494.250, 2., supra.) These sections have uniformly been construed as merely directory and not mandatory, and appellant has failed to show that he has been prejudiced or that his interests have been adversely affected by failure to

strictly observe these statutory provisions for summoning jurors. This is the test. State v. Hailey, 350 Mo. 300, 165 S.W.2d 422; State v. Eddington, supra.

Appellant's remaining points assign error in denying requests for mistrial for alleged misconduct on the part of the prosecuting attorney. In the first instance the prosecuting attorney, on cross-examination, directed the following observation to accused in the presence of the jury: "Of course, you've been told by your attorney that if you can play dumb that would be in your favor." An objection to this question being overruled the prosecutor asked, "Has your attorney advised you that it would be to your advantage to play dumb?" An objection to the second question was sustained but a motion to declare a mistrial was overruled. The second alleged impropriety was the prosecutor's question, directed at character witness Eugene Counts, "Are you [referring to Eugene and his father Fred Counts, who was accused's landlord] the only people over there that thinks this man has a good reputation? That is why you couldn't get anybody but Counts over here?" An objection was sustained but the court refused to sustain a motion to declare a mistrial and discharge the jury.

The observation about playing dumb followed the prosecutor's question whether accused would recognize a capital "C" if he saw it and his answer, "I don't reckon I would." Apparently the prosecutor suspected that accused, a man 50 years of age, charged with forging the name "W. E. Carty" on a check, was covertly feigning ignorance and incapacity for personal advantage. If this was true there would have been some basis for inquiry seeking to unmask accused's pretensions, but the prosecutor's questions (implying that accused's attorney was promoting such a scheme, without any apparent basis there-

for) were improper and should not have been asked. Likewise the question assuming that accused could not produce anyone other than the two Counts to testify to his good reputation was improper.

The court indicated disapproval by sustaining an objection to the first question when persisted in and by sustaining an objection to the second question when first asked. Counsel did not request further action by moving to strike the testimony or to instruct the jury to disregard it or to admonish counsel. The only request not granted was the request in each instance to declare a mistrial. Whether this drastic action should be resorted to in a particular case is a matter of discretion on the part of the trial judge, who has the best opportunity to appraise the effect such transgressions have upon the trial and whether accused's rights have been prejudiced beyond repair. The judge must be given considerable latitude in such matters. An appellate court will not interfere unless the record shows an abuse of discretion to the prejudice of accused. State v. Tate, Mo. Sup., 468 S.W.2d 646, and cases cited 650 [7]. The trial judge did not consider these improprieties serious enough to deprive accused of a fair trial and we are not prepared to say that the trial judge abused his discretion in denying a mistrial at the time, or that the court erred when, upon further reflection, the court overruled the motion for new trial, which raised this point.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.