STATE of Missouri ex rel. Roman JACKSON, Relator,

v.

Honorable George S. THOMPSON, Special Judge, Circuit Court of Chariton County, 9th Judicial Circuit of Missouri, Respondent.

No. WD 34902.

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

James J. Wheeler, Keytesville, for relator.

Michael L. Midyett, Pros. Atty., Keytesville, for respondent.

Before PRITCHARD, P.J., and MANFORD and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

The issue is whether an application for change of venue and for change of judge, concededly in basic proper form and having been timely filed, was properly overruled by respondent upon the ground that the application did not contain a notice of the time when it would be presented to the court under Rules 32.03, 32.07 and 32.08. The record indicates that a copy of the motion for change of venue and change of judge was delivered to the office of the prosecuting attorney of Chariton County, Missouri, on May 13, 1983, the case having previously been set for trial to a jury, which relator requested, for May 25, 1983.

Relator was charged in Count I of the information with driving while intoxicated, and in Count II of driving while his license was revoked, both misdemeanors.

On May 24, 1983, the day before trial was set, the parties appeared by counsel. The prosecutor appeared at the oral request of relator's counsel, and upon the presentment of his motion for change of venue and change of judge, the prosecutor objected to the motion being taken up on the ground that the application did not contain a notice of hearing as required by Rule 32.08. Respondent indicated that the objection would be sustained but stayed entry of the order to allow relator to seek a writ of prohibition.

Rule 32.03 provides for change of venue, and in misdemeanor cases the defendant need not allege or prove any reason for the change. Rule 32.07 provides for change of judge, and Rule 32.08 provides for joint applications for change of venue and change of judge. Each of these rules provide, "A copy of the application *and* notice of the time when it will be presented to the court *shall* be served on all parties." [Italics added.] Each rule also provides that if the application is *timely* filed the judge shall promptly sustain the application. The basic question then descends to whether the notice provisions of the rules are a necessary part of the requirement that the application shall be *timely* filed, i.e., whether the application is complete and in proper form

without the notice of the time when it will be presented to the court.

The instant rules were made effective by the Supreme Court on January 1, 1982, and the provisions as to a copy of the application *and* notice of the time when it will be presented to the court shall be presented to the court shall be served on all parties was noted by the Committee to be new. According to page 425 of V.A.M.R., the effective date of a new Rule 32 was suspended by the Supreme Court on November 21, 1979, until the further order of the court. Since that date, the instant rules were adopted, but prior thereto, there have been several cases addressing the matter of the requirement of notice of hearing on applications to change the venue and disqualification of the judge. One of these is *Matter of Buford*, 577 S.W.2d 809, 827[13] (Mo. banc 1979), decided February 28, 1979, where it was said, "There seems to be an assumption that a judge must rule on a motion for change of venue promptly *when it is filed.* The moving party, however should notice the other side as to when the motion will be called up, and then present it or call it up before the judge. As mandatory as it is that a *proper* motion for change of judge be sustained, the other party is entitled to notice and an opportunity to be heard, and he may contest *the form, timeliness and sufficiency of the motion.*" [Further italics added.] See also *State v. Brooks*, 583 S.W.2d 230, 231[2] (Mo.App.1979), where under former Rule 30.12, defendant did not give the state, "the opposite party", any notice "reasonable" or otherwise, as required by the rule, prior to filing an affidavit disqualifying the judge, hence the application was held to be properly denied; *State v. Shaw*, 357 S.W.2d 894, 896[2] (Mo. 1962), holding under the then Rule 30.12 that an oral request for change of venue was not made in the manner provided nor upon previously given notice to the opposite party that defendant could not have a fair and impartial trial by reason of the interest or prejudice of the judge; and *State v. Thompson*, 472 S.W.2d 351, 353[1] (Mo. 1971).

■ The foregoing precedents clearly indicate that motions to change the venue and to disqualify a judge must be accompanied by a reasonable notice of the time when the motions will be presented and heard by the court. The present rules, significantly *in the conjunctive,* require that a notice of presentment for hearing be served on the opposing party. That was not done in proper form. Since it was not in proper form and complete, the trial court was not without authority, despite the apparent mandatory direction under the rule to sustain the motions for change of venue and for change of judge, to overrule the motions.

■ Relator claims that the state waived the requirement of notice by voluntarily appearing for the presentment of the motions. The record does not support a voluntary appearance, but rather an appearance to contest the motions as being filed without notice as to a hearing, and the objection was made on that basis and sustained. The state thus made a special appearance to contest the form and sufficiency of the motions, which it was entitled to do. The merits of the motions were not further considered, and no general appearance was made. Compare *Garfunkel v. Garfunkel*, 612 S.W.2d 862, 863[1] (Mo.App.1981).

The preliminary rule in prohibition is quashed as being improvidently granted.

All concur.