Garland FARNSWORTH, Relator,

v.

Michael WEE and Lawrence Joiner, Respondents.

No. WD 37864.

Missouri Court of Appeals, Western District.

Nov. 25, 1986.

---

Garland W. Farnsworth, pro se.

Michael Allan Wee, Kansas City, pro se and for respondent.

Before GAITAN, J., Presiding, and DIXON and TURNAGE, JJ.

PER CURIAM:

Relator Garland Farnsworth, acting pro se, appeals from the trial court's judgment which, in part, dismissed relator's petition for writ of mandamus and quashed the court's preliminary order in mandamus. On appeal, relator makes several claims of trial court error, dispositive of which is his claim that the trial court erred in failing to grant him a change of judge.

On July 12, 1984, relator requested the Kansas City, Missouri, police department to preserve the "air tapes" and the tape recordings and records of the "911" calls which pertained to relator's June 23, 1984, and July 10, 1984, arrests. Relator also requested permission to inspect and copy the same records. The police department apparently did not respond to relator's request and relator hired an attorney to take the legal action necessary to gain access to the records. Relator subsequently requested the same information regarding a third arrest.

An attorney for the police department responded that the records would be preserved but would be disclosed only upon the issuance of a subpoena. Relator's attorney filed a petition for writ of mandamus on July 13, 1985, seeking access to the records regarding all three arrests. Judge Richard McKelvey signed a preliminary order in mandamus on July 17, 1985. Relator's attorney later filed an amended petition with suggestions.

Relator was dissatisfied with his attorney throughout much of the proceedings and wrote several letters of complaint to him and also wrote letters of complaint about him to Judge McKelvey.

On November 11, 1985, relator wrote a letter to Judge William Mauer, Presiding Judge of the Jackson County Circuit Court. The body of the letter read as follows:

A cursory review of the petitions, motions and related correspondence in the above numbered cause (copies enclosed) will show that the court and my attorney are handling this litigation in a bizarre manner, to put it charitably, making it difficult not to assume that prejudice (or worse?) exists.

In my opinion, it's time, past time, to assume just that. Therefore, I urgently request that you remove this case from Judge McKelvey's jurisdiction. In addition, I respectfully request a speedy ruling on the merits of this matter. Or, in the alternative, the schedling [sic] of a trial date, that I am prepared—upon proper notice—to conduct pro se.

Copies of the letter were mailed to Judge McKelvey, Lee Nation, and Michael Waller. Judge Mauer responded by sending a letter to relator's attorney directing him to consult with relator concerning "filing a motion" for change of judge. Copies of that letter were sent to Judge McKelvey and

relator. There is no evidence that the attorney consulted with relator on that matter. On November 21, 1985, a hearing date was set for December 13, 1985. Subsequently, relator filed pro se motions to remove his attorney of record and to proceed pro se. He also moved for production of documents. A second motion for production of documents with suggestions and a motion for a written opinion were filed at some point prior to the hearing. On December 10, 1985, plaintiff wrote Judge McKelvey a letter asking him to disqualify himself because of prejudice. Judge McKelvey responded to relator's request at the December 13, 1985, hearing by saying that he was not prejudiced against relator and would not disqualify himself on those grounds. He further stated that if the December 10 letter could be construed as a request for change of judge, the request had come too late.

Judge McKelvey presided over the hearing and afterward entered his judgment denying relator's motion to produce as being improperly tendered and moot, denying his motion to have his attorney of record removed but granting relator's motion to proceed *pro se,* denying relator's oral motion for continuance and denying his motion for disqualification of judge. Judge McKelvey granted respondents' motion to dismiss relator's petition for writ of mandamus and quashed the court's preliminary order.

Rule 51.05 sets forth the procedure to be followed when requesting a change of judge. It provides in pertinent part:

(a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified.

(b) The application must be filed at least thirty days before the trial date or within five days after a trial setting date has been made, whichever date is later,....

(c) A copy of the application and notice of the time when it will be presented to the court shall be served on all parties.

....

(e) Upon the presentation of a timely application for change of judge, the judge shall promptly sustain the application....

The right to a change of judge is "in the category of" the right to a peremptory jury challenge. *Natural Bridge Development Co. v. St. Louis County Water Co.,* 563 S.W.2d 522, 525 (Mo.App.1978). Other than service of a copy of the request on the other party and notice, the only prerequisite for obtaining a change of judge is a timely application for the change. *Id.* Upon presentation of the timely request, the judge is *required* to sustain the application and obtain a different judge to try the case in accordance with Rule 51.05(e). *Id.;* Rule 51.05(e). Once the timely application has been filed, the court may rule upon matters in the case then under submission and the only power it has thereafter is to promptly sustain the application for change of judge. *Natural Bridge,* 563 S.W.2d at 526. The court is without jurisdiction to take any further action in the cause. *Commercial Credit Equipment Corp. v. Colley,* 485 S.W.2d 625, 628 (Mo.App.1972).

The 1973 Committee note following Rule 51.05 provides that the following application for change of judge is sufficient: "Plaintiff requests a change of judge." The rule does not require any specific form of the written application and it certainly does not require that a *motion* for change of judge be filed. The November 11 letter written by relator to Presiding Judge Mauer, of which Judge McKelvey received a copy and which requested that the case be removed from Judge McKelvey's jurisdiction, was adequate under Rule 51.05 to request the court to grant a change of judge. The request for change of judge was timely filed as it was received by the court on November 13, eight days before the hearing date was set and over thirty days prior to the hearing date. There is no

doubt Judge McKelvey was aware of the letter. What cannot be ascertained from this record is whether or not the respondents received notice of relator's request for a change of judge. Judge McKelvey, Lee Nation, and Michael Waller were mailed copies of relator's letter which requested relator's case be removed from Judge McKelvey's jurisdiction. Lee Nation was relator's attorney. The record does not indicate who Michael Waller is or in what capacity he was involved in this case. Nor does the record reflect whether respondents otherwise received notice of the request for change of judge.

█ This case is remanded to the circuit court for a hearing regarding whether or not a change of judge should be granted. Even if the hearing court finds that no notice was given at the time relator mailed his letter of request, the hearing itself will provide the respondents with an opportunity to question the propriety of a change of judge and thereby accomplish the purpose of notice. Absent proof of some fact defeating the request for change of judge, any actions taken by the trial court following receipt of relator's request for change of judge shall be deemed void for lack of jurisdiction and the cause shall be returned to the presiding judge for reassignment in accordance with the law.