STATE of Missouri, ex rel. FORD MOTOR COMPANY, Relator,

v.

Honorable Philip G. HESS Circuit Judge, of the Twenty-Third Judicial Circuit, Jefferson County, Respondent.

No. 53615.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 13, 1987.

Gerald D. Morris, St. Louis, for relator.

James E. Bowles, Hillsboro, for respondent.

CRANDALL, Judge.

Relator, Ford Motor Company, seeks a writ of prohibition against respondent, the Honorable Philip G. Hess, to prohibit him from proceeding in *David C. Kearney and Sue Marie Kearney v. Ford Motor Company and Dave Sinclair Ford, Inc.,* No. CV-187-2174-CC-J2, pending in the Circuit

Court of Jefferson County in which action relator seeks to disqualify respondent. On August 24, 1987, we issued our preliminary order in prohibition. We now make absolute the writ of prohibition.

On May 29, 1987, service of process was effected upon relator in the underlying action. On June 29, 1987, relator filed its answer to plaintiffs' petition. On July 16, 1987, relator filed its application for change of judge. Prior to filing the application, the secretary for relator's attorney contacted respondent's clerk for a date for hearing the application. The clerk informed the secretary that the first available date was August 6, 1987. Relator then filed its application for change of judge together with a notice of hearing of the application for August 6, 1987. The copy of said application and notice was duly served upon opposing counsel. The application was heard on August 6, 1987. Respondent overruled the application "because it was out of time."

"Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). If respondent failed to sustain the presentation of a timely application for change of judge, he is without jurisdiction and prohibition lies. *Id.* We adhere to a rule of liberal construction in favor of the right to disqualify a judge. *State ex rel Horton v. House*, 646 S.W.2d 91, 93 (Mo. banc 1983).

At issue here is the construction Rule 51.05. That Rule provides in pertinent part:

(a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney....

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due....

(c) A copy of the application and notice of the time when it will be presented to the court shall be served on all parties.

(e) Upon the presentation of a timely application for change of judge, the judge shall promptly sustain the application....

It is not disputed that the application for change of judge was filed within the time required by the Rule. Relator argues that timely application is all that is necessary to comply with the requisite time requirement. Respondent argues that the application must also be "presented" to the trial judge within the time required for the filing of a timely application.

There is nothing in the Rule to support the construction urged by the respondent. Rule 51.05 speaks only of a timely application for change of judge and is silent on any time requirement for the presentation of that application. One reason for the omission of any time limit for presentation is exemplified by this case.

An attorney, and therefore the party he represents, has exclusive control over when he can file an application for change of judge. It is therefore not unreasonable to require that the application be filed within a certain period of time in order to facilitate the expeditious movement of cases. The setting or the presentation of that application is normally controlled by the trial court's calendar. If we accepted respondent's interpretation, a trial judge could defeat an otherwise meritorious application by refusing to give the proponent a hearing within the applicable time period. Here the application was timely filed. Relator could not get a hearing for that application until a time specified by respondent. To now rule that he is not entitled to his change of judge would be to mock "one of the keystones of our legal administrative edifice." *State ex rel. Campbell v. Kohn*, 606 S.W.2d 399, 401 (Mo.App.1980).

The only prerequisite for obtaining a change of judge is service of a copy of the application and notice of hearing on the other party and a timely application. *Farnsworth v. Wee*, 720 S.W.2d 409, 411 (Mo.App.1986). Upon presentation of a timely application, the trial judge *shall* promptly sustain the application. Rule 51.-05(e). Such an interpretation is consistent with a literal reading of the Rule; the liberal construction to be given the Rule;

and the preservation of not only fairness but the appearance of fairness for the litigants.

The writ of prohibition is made absolute.

GARY M. GAERTNER, P.J., and CARL R. GAERTNER, J., concur.