**Shy BLAND, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 42864.

Missouri Court of Appeals,
Western District.

Jan. 8, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1991.

Application to Transfer Denied
April 9, 1991.

David S. Durbin, Appellate Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from judgment denying post-conviction relief pursuant to a Rule 29.15 motion. The judgment is affirmed.

Movant presents four points by which he charges the hearing court erred in denying him post-conviction relief, to wit: (1) the hearing court was without jurisdiction to hear the matter, because the hearing judge was disqualified upon a Motion for Change of Judge; (2) movant was denied effective assistance of counsel because his trial defense counsel failed to object to his conviction on three separate charges of sodomy committed against the same victim as part of the same transaction, contrary to the prohibition against double jeopardy; (3) movant was denied effective assistance of counsel because his trial defense counsel failed to present a defense of alibi; and (4) movant was denied effective assistance of counsel because his trial defense counsel failed to present evidence of dissimilarities between a fingerprint found at the crime scene and the known fingerprint of movant.

The pertinent facts are as follows: Movant was convicted of forcible rape, in violation of § 566.030, RSMo Supp.1984; three counts of forcible sodomy, in violation of § 566.060, RSMo Supp.1984; sexual abuse, first degree, in violation of § 566.100, RSMo 1978; armed criminal action, in violation of § 571.015.1, RSMo 1978; robbery, first degree, in violation of § 569.020, RSMo 1978; and burglary, first degree, in violation of § 569.160, RSMo 1978. Movant's convictions were affirmed by this court. *State v. Bland*, 757 S.W.2d 242 (Mo.App.1988). Movant filed this Rule 29.-15 proceeding. Counsel was appointed. Two evidentiary hearings were held and proper findings of fact and conclusions of law were entered. This appeal followed. Any other applicable facts necessary to the disposition of this appeal will be found *infra*.

Movant's points are taken up in the order presented.

■ The alleged Motion for Change of Judge did not properly comply with Supreme Court Rule 55.05 when asserted in movant's pro se motion, nor did the amended motion filed by counsel include or reference any request for change of judge. Through two evidentiary hearings, no men-

tion of change of judge was made by movant.

In the present case, movant failed to comply with Rule 55.05, to wit: (a) he filed no written application for same, *see Farnsworth v. Wee,* 720 S.W.2d 409, 411 (Mo. App.1986) and (b) he filed no copy of the motion on any other party to these proceedings as required by Rule 55.05(c). There is a distinction, which has been recognized by the Rule, between filing and the giving of notice. *See State ex rel. Ford Motor Co. v. Hess,* 738 S.W.2d 147 (Mo.App.1987); *Farnsworth, supra.*

■ Rule 51.05 applies to Rule 29.15 proceedings. *DeBold v. State,* 772 S.W.2d 29, 30 (Mo.App.1989). The determination of whether any such request is in proper form lies within the discretion of the hearing court. *State v. Lafata,* 614 S.W.2d 27, 29 (Mo.App.1981).

Movant's reliance upon *State ex rel. King v. Huesemann,* 776 S.W.2d 488 (Mo. App.1989) is misplaced and that case is held not to be applicable herein.

■ Contrary to movant's assertion, there was no automatic disqualification of the hearing judge upon the mere request for same being embedded within his pro se motion. By proceeding with two evidentiary hearings without objection and without proper presentment and notice of his Motion for Change of Judge, movant waived same. *State v. Purdy,* 766 S.W.2d 476, 478 (Mo.App.1989).

■ Concerning his second point, movant's perception of double jeopardy regarding this conviction for three separate acts of sodomy is incorrect. Section 566.060.1, RSMo Supp.1984 specifically defines the crime of sodomy. The three acts of sodomy for which movant properly stands convicted constituted prohibited sexual acts involving various parts of his body and various parts of the body of the victim, which places all three counts within the wording and intent of § 566.060.1, the result being that the three acts were separate and distinct offenses even though, as asserted, the three separate acts arose from the same set of circumstances or "same transac-

tions." This has been ruled in *State v. Applewhite,* 771 S.W.2d 865, 870 (Mo.App. 1989). *See also, State v. Jackson,* 703 S.W.2d 30, 33 (Mo.App.1985).

■ The multiple convictions for acts of sodomy are permissible and not within the prohibition against double jeopardy. *See, State v. Davis,* 624 S.W.2d 72, 77 (Mo.App. 1981).

■ Respondent is correct when it points out that point (3) is not properly preserved for review upon the failure of verification, and that point was not timely as prescribed by Rule 29.15(d). Nonetheless, this court ex gratia takes the matter up and disposes of same.

The evidence secured at the evidentiary hearings in this matter discloses that trial defense counsel, after pretrial discovery, became convinced that movant's alibi defense "was not going to fly" because the claimed time relative to the alibi and the time of the crime did not coincide, and because movant asserted his alibi placed him with a girlfriend. The jury was presented with an image that movant was a happily married man. Trial defense counsel concluded that to present the girlfriend would be counterproductive and harmful to movant. Such was clearly a matter of trial strategy. *Sanders v. State,* 790 S.W.2d 497, 499 (Mo.App.1990).

In addition, while movant and his witnesses at his evidentiary hearings stated he was in Omaha, Nebraska during the time of the alleged crimes, the hearing court was not required to believe such testimony. *Sanders, supra.* The hearing court was at liberty to believe or disbelieve trial defense counsel's testimony and if believed, then movant in reality had no alibi. Hence, trial defense counsel could not be held to have been ineffective. *Meade v. State,* 779 S.W.2d 659, 661 (Mo.App.1989).

As noted by respondent, movant's point (4) has not been properly preserved upon untimely filing and failure to verify as required by Rule 29.15(d). However, his point (4) is taken up ex gratia.

Movant charges that trial defense counsel was ineffective for failing to introduce evidence establishing dissimilarities between a fingerprint found at the crime scene and a known fingerprint of movant, and in failing to introduce evidence relative to the nonexclusive nature or relationship of hair comparison.

At the evidentiary hearings, trial defense counsel explained that in addition to the difficulty in securing an expert on fingerprints, due to the fact that most of these experts are affiliated with law enforcement, there existed the chance that an expert might conclude that discovered latent crime scene fingerprints matched movant's and the state, by discovery, would have secured that information and gained an admission that it was indeed movant's fingerprint. Thus, trial defense counsel stated that as part of trial strategy, he sought no independent expert determination concerning the fingerprint issue. It has been held that "the question of whether to obtain an expert is one of trial strategy which cannot be the basis of an ineffectiveness claim." *Greer v. State*, 788 S.W.2d 546, 547 (Mo. App.1990).

Trial defense counsel vigorously and exhaustively cross-examined the prosecution's fingerprint witness and this cross-examination pointed out the aspect that the expert never checked for dissimilarities between the two prints. At the evidentiary hearing, trial defense counsel stated he had concluded that additional expert fingerprint evidence was unnecessary due to the concession made by the prosecution expert.

As to the issue of the nonexclusive nature of compared hair samples, the record is quite clear that trial defense counsel vigorously and exhaustively cross-examined the prosecution expert and in fact secured an admission from the expert that hair comparisons do not conclude that hair came from one particular individual, but rather it is a process of elimination.

Movant's attack upon trial defense counsel is really a claim of ineffective assistance of counsel on counsel's failure to introduce cumulative evidence on hair analysis. The nonproduction of cumulative evidence never serves as the basis for a claim of ineffective assistance of counsel. *State v. Merchant*, 791 S.W.2d 840 (Mo. App.1990).

The entire record of this case reveals that movant was afforded a fair trial and a fair proceeding upon his Rule 29.15 motion and was ably assisted throughout the entire process by competent counsel. There is absolutely no merit to his claims presented to this court, and the hearing court did not erroneously deny him post-conviction relief.

Judgment affirmed.

All concur.