STATE of Missouri, ex rel. Chris T. CAMPBELL, Relator,

v.

The Honorable John MOON, Respondent.

No. WD 44167.

Missouri Court of Appeals, Western District.

May 21, 1991.

Seth D. Shumaker, Lancaster, for relator.

George L. Gundy, Memphis, for respondent.

Before KENNEDY, P.J., and SHANGLER and ULRICH, JJ.

PER CURIAM:

This is a petition for a writ of prohibition to prevent the respondent associate circuit judge, the Honorable John Moon, from exercising jurisdiction in a misdemeanor case in Schuyler County in which the defendant was charged with possession of alcohol by a minor, failing to drive on the right half of the roadway, and driving while intoxicated.

We issued our preliminary writ and we now make the writ absolute.

Relator filed an application for a change of judge, along with a notice to the prosecuting attorney that the same would be taken up on September 12, 1990, at 10 a.m., in the associate circuit court of Schuyler County at Lancaster, Missouri. The application for change of judge and the notice were in compliance with Rule 32.07. The motion and notice were in proper form and were timely (the case had not been set for trial), and there is no contention to the contrary. The application was denied by respondent judge.

The reason given by the respondent for denying the application for a change of judge was that defendant-relator had filed an earlier application for a change of judge, of which no notice to the prosecuting attorney had been given. The earlier application had been denied because of the lack of required notice, on the authority of *State v. Williams,* 747 S.W.2d 635, 636–37 (Mo.App. 1988); *State v. Bowling,* 734 S.W.2d 565, 569 (Mo.App.1987); *State ex rel. Jackson v. Thompson,* 661 S.W.2d 677, 678–79 (Mo. App.1983).

The same cases cited in the preceding paragraph are offered now as authority for denying the second application for a change of judge. We have examined those cases. None of them is applicable.

The relator upon proper and timely application for a change of judge was absolutely entitled thereto. Rule 32.07; *State v. Stovall,* 784 S.W.2d 852, 853 (Mo.App.1990). That an earlier application for a change of judge has been denied because of the absence of the notice required by Rule 32.-07(d) furnishes no ground for denying a change of judge upon proper and timely motion. Of course, defendant is entitled to only one change of judge, Rule 32.09, but relator had not had a previous change of judge in this case.

The preliminary writ of prohibition is now made absolute. Respondent's only jurisdiction in the case is to grant the change of judge upon relator's application and to notify the presiding judge of the circuit in accordance with Rule 32.07(e)(1).