**STATE of Missouri ex rel. Thomas E. MOUNTJOY, Prosecuting Attorney, Greene County, Missouri, Relator,**

v.

**Honorable Don BONACKER, Judge of the Circuit Court of Greene County, Missouri, Respondent.**

No. 17832.

Missouri Court of Appeals, Southern District, Division Two.

April 29, 1992.

Cynthia A. Rushefsky, Asst. Pros. Atty., Springfield, for relator.

No brief filed by respondent.

SHRUM, Presiding Judge.

The relator Thomas E. Mountjoy, Prosecutor of Greene County, seeks a writ of prohibition to disqualify the respondent, the Honorable Don Bonacker, from proceeding in a criminal case pending in the Greene County Circuit Court. On October 31, 1991, this court issued a preliminary writ in prohibition.

At issue is the change of judge rule, Supreme Court Rule 32.07, specifically the notice provision which appears in subsec-

tion (d).[1] The question presented is whether the respondent properly refused to sustain the relator's application because the Rule 32.07(d) notice did not accompany the application for change of judge and the relator did not provide the notice within the time frame prescribed by Rule 32.07(c) for filing the application.

We answer the question in the negative and make the writ of prohibition absolute.

## FACTS

On September 20, 1991, a case styled State v. Michael Wayne O'Connor, No. CR191–9FX–3, was assigned to the respondent. On that date O'Connor appeared before the respondent and was arraigned. Trial was scheduled for November 18, 1991. Twenty-one days after O'Connor's arraignment, on October 11, 1991, the relator filed a request for a change of judge and mailed a copy of the request to O'Connor's attorney.

On October 22, 1991, more than 30 days after arraignment, the relator filed a "Notice of Hearing" requesting an October 25, 1991, hearing on his application and mailed a copy of the notice to O'Connor's attorney.

At an October 24, 1991, pretrial hearing, the respondent was advised that O'Connor had received copies of the relator's application and notice and that he had no objection to a change of judge or to the notice.

On October 25, 1991, the respondent made the following docket entry:

The Court announces that on Tuesday November 5, 1991 it will deny the Request for Change of Judge for the reason that [it] was not filed within 30 days of arraignment and that a Notice of Hear-

ing filed within the 30 day period is essential.

The trial court's announcement prompted the relator to file his petition in which he requested that we prohibit the respondent from taking any further action in the O'Connor case other than sustaining the request for a change of judge. We issued a preliminary writ.

By his November 20, 1991, answer to the relator's petition, the respondent, represented by O'Connor's attorney, admitted that O'Connor received copies of the application and the notice, that O'Connor had no objection to a change of judge or to the notice of hearing, and that at the October 24, 1991, pretrial hearing the respondent was advised of O'Connor's receipt of the application and notice and his lack of objection. However, the respondent denied that the application complied with Rule 32.07, reiterating the reason stated in the October 25 docket entry, namely, that the "Notice of Hearing was not filed and served until after thirty (30) days from arraignment," and adding as a second reason that the application itself "failed to contain a notice of when said [application] would be presented to the Court."

## DISCUSSION AND DECISION

◼ "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). A trial judge lacks jurisdiction, and prohibition lies if, upon proper application for disqualification, a judge fails to disqualify himself. *Id.* at 943.

The change of judge procedure in a criminal case is set out in Rule 32.07; in a civil

---

1. Rule 32.07 provides, in part:

   (a) A change of judge shall be ordered upon the filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or an attorney for any party.
   . . . .
   (c) In felony cases the application must be filed not later than thirty days after arraignment if the trial judge is designated at arraignment. If the trial judge is not designated at arraignment, the application must be filed no

later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

   (d) A copy of the application and a notice of the time when it will be presented to the court shall be served on all parties.

   (e) If the application is timely filed, the judge shall promptly sustain the application. . . .

action, in Rule 51.05.[2] The criminal and civil change of judge systems are "parallel," *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 640 (Mo.App.1971), and, in many respects, the rules are virtually identical in language.

■ In both criminal cases and civil actions, the right to disqualify a judge is "one of the keystones of our legal administrative edifice." *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980). " '[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced....' " *Raack,* 720 S.W.2d at 943 (quoting *McNary,* 472 S.W.2d at 639). This crucial need for public confidence in the judicial system requires us to liberally construe statutes and rules in favor of the right to disqualify. *Raack,* 720 S.W.2d at 943. It is not surprising, then, that the right of a litigant to disqualify a judge has been described as "virtually unfettered." *Medawar v. Gaddis,* 779 S.W.2d 323, 326 (Mo.App.1989).

■ Our supreme court has made clear that a party in a criminal case has a right to one trial judge disqualification. *Matter of Buford,* 577 S.W.2d 809, 828 (Mo. banc 1979); Rule 32.07(a) and (e); Rule 32.09. *See also State ex rel. Campbell v. Moon,* 809 S.W.2d 458, 459 (Mo.App.1991). If the request is "in proper order" the trial judge's duty is to sustain it, *Buford,* 577 S.W.2d at 828; *see also State v. Hornbuckle,* 746 S.W.2d 580, 584 (Mo.App.1988); Rule 32.07(e).

■ In his suggestions in opposition to prohibition, the respondent cites *State v. Williams,* 747 S.W.2d 635 (Mo.App.1988), *State ex rel. Jackson v. Thompson,* 661 S.W.2d 677 (Mo.App.1983), and *State v. Bowling,* 734 S.W.2d 565 (Mo.App.1987), as authority for denying the relator's request for a change of judge. He asserts these

three opinions "stand for the proposition that for a Request for Change of Judge to be in proper form, it has to contain a notice of time when it will be presented to the Trial Court." The respondent argues that the relator's notice, coming as it did more than 30 days after arraignment, "did not cure this defect." For reasons we discuss later, we do not believe *Williams, Jackson,* and *Bowling* compel the interpretation of Rule 32.07 urged by the respondent.

First we examine the language of Rule 32.07 which we do not believe requires the construction that the respondent advocates. Although subsection (c) prescribes when an application must be filed, the rule does not specify a time period for serving the notice required by subsection (d). If the supreme court had intended that a notice be filed within the period required for filing an application, it could have said so in Rule 32.07(c), e.g., "In felony cases the application *and a notice of the time when it will be presented to the court* must be filed not later than thirty days...." Or it could have written Rule 32.07(d) to reflect an intent that notice be served within a specified time period. Moreover, had the court intended that the notice necessarily accompany the application, it could have written the rule to state that requirement. The fact that the supreme court did not refer to a notice requirement in 32.07(c), did not specify a time period for notice in 32.07(d), and did not, in a temporal sense, explicitly link the two requirements convinces us that the court contemplates that filing the application and giving the notice may be treated as separate events.[3]

This distinction between application and notice is consistent with the purpose of Rule 32.07, which is to assure fairness to litigants in exercising their privilege to disqualify a trial judge, while, at the same time, avoiding undue delay in the proceedings. As the court said in *Hornbuckle,*

---

2. Rules 32.08 and 51.06 apply to joint applications for change of venue and change of judge.

3. In civil actions involving counterpart Rule 51.05, courts recognize a distinction between filing the application and providing notice. *See, e.g., Bland v. State,* 805 S.W.2d 192, 193–94 (Mo.App. 1991) (citing *Farnsworth v. Wee,* 720 S.W.2d 409 (Mo.App.1986)).

While society and courts desire that justice be done, disqualification of judges cannot be "too easy" or "too hard." If disqualification is "too easy, both the cost and the delay of justice go out of bounds. If disqualification is too hard, cases may be decided quickly, but unfairly." Under Missouri practice, a middle ground and a proper balance has been sought and, we believe, achieved, insofar as possible to do so.

746 S.W.2d at 584–85 (citations omitted).

Achieving that middle ground by allowing a litigant to disqualify a judge may at times "snarl the smooth flow of a court's docket.... [T]hat is the price to be paid for a judicial system that seeks to free a litigant from a feeling of oppression." *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 337 (Mo.App.1983) (quoting *McNary,* 472 S.W.2d at 639–40).

Rule 32.07 addresses the tension described in *Hornbuckle, Reproductive Health Services,* and *McNary.* Subsections (a) and (e) promote the policies that underlie the "virtually unfettered" right, earlier discussed, of a litigant to one trial judge disqualification. *See, e.g., Raack,* 720 S.W.2d at 943; *Buford,* 577 S.W.2d at 828; *Campbell,* 606 S.W.2d at 401; *Medawar,* 779 S.W.2d at 326; *Hornbuckle,* 746 S.W.2d at 584; *Moon,* 809 S.W.2d at 459.[4]

■ Subsection (c) is designed to avoid undue delay in the proceedings and permit the trial court to administer justice in an orderly fashion. The litigant, or the litigant's attorney, has exclusive control over when to file an application for change of judge. It is not unreasonable to require that the application be filed within a certain time frame to facilitate the expeditious movement of cases. *See State ex rel. Ford Motor Co. v. Hess,* 738 S.W.2d 147, 148 (Mo.App.1987) (applying Rule 51.05).

Subsection (d) protects the interests of the party not seeking a change of judge by requiring service on that party of a copy of the application and a notice of when the application will be presented to the trial court. We agree with Judge Greene's observation in his concurring opinion in *Bowling* that the notice requirement is for the benefit of the party who might wish to oppose the application; it is not for the benefit of the trial judge. 734 S.W.2d at 577. The notion that the notice provision exists to benefit the other party is supported by the following passage from *Buford* in which the supreme court stated:

There seems to be an assumption that a judge must rule on a motion for change of judge or change of venue promptly *when it is filed.* The moving party, however, should notice the other side as to when the motion will be called up, and then present it or call it up before the judge. As mandatory as it is that a *proper* motion for change of judge be sustained, the other party is entitled to notice and an opportunity to be heard, and he may contest the form, timeliness and sufficiency of the motion.

577 S.W.2d at 827 (emphasis in original).

Because the setting for presentation of the application normally is controlled by the trial court's calendar, *see Ford Motor Co.,* 738 S.W.2d at 148, the view that the notice requirement serves to benefit the other party does not encumber the goal of expeditious movement of cases.

Our interpretation of Rule 32.07 is influenced by a comparison of its language to that of its predecessor, Rule 30.12 (now repealed). A 1956 amendment added the notice requirement to the prior rule. Rule 30.12, *Vernon's Annotated Missouri Rules* at 346 (1975). Following the 1956 amendment, Rule 30.12 provided in pertinent part:

The judge shall be disqualified under the provisions of this Rule if, having previously given reasonable notice to the op-

---

4. The policy favoring a "virtually unfettered" right to a change of judge is reflected in the application form suggested in the 1982 Committee Note to Rule 32.07:

"The following application would be sufficient:

'(Caption)
_____ requests a change of judge.
(Signature and address of attorney or party.)' "

posite party, the defendant or the prosecuting attorney shall file an affidavit stating the defendant or the state, as the case may be, cannot have a fair and impartial trial by reason of the interest or prejudice of the judge.

Of prior Rule 30.12, the supreme court said, "Criminal Rule 30.12 contemplates giving notice a reasonable length of time *before* filing the affidavit...." *State v. Thompson,* 472 S.W.2d 351, 353 (Mo.1971) (emphasis added). Not only is it clear from the 1956 amendment to prior Rule 30.12 and from *Thompson* that the supreme court contemplated the notice and the filing of the affidavit as separate events, the above-quoted portions of the rule and *Thompson* specify that notice was to precede filing the affidavit.

Rule 32.07 was adopted April 20, 1981, and became effective January 1, 1982. Rule 32.07, *Vernon's Annotated Missouri Rules* at 115 (Supp.1991). An affidavit is no longer required, and the common practice under prior Rule 30.12 of filing a motion seeking a change of judge has been replaced by a "simple request." *Hornbuckle,* 746 S.W.2d at 584.[5] A significant change from prior Rule 30.12 is that Rule 32.07 contains no requirement that notice precede anything other than presentation to the trial court.

Our interpretation of Rule 32.07 does not conflict with *Williams,* 747 S.W.2d 635; *Jackson,* 661 S.W.2d 677; or *Bowling,* 734 S.W.2d 565, each of which is distinguishable on its facts from the case before us. In *Williams,* "a copy of the [application] and a notice of the time when the application would be heard had not been served upon the prosecuting attorney...." 747 S.W.2d at 636. In *Jackson* and *Bowling,* although copies of the defendants' applications were served on the respective prosecutors, the prosecutors were not served with notice of when the applications would be presented for a trial court ruling. *Jackson,* 661 S.W.2d at 678; *Bowling,* 734

S.W.2d at 577 (Greene, P.J., concurring in result).

Factual distinctions aside, it should be apparent from our discussion to this point that we disagree with the *Jackson* opinion's stated interpretation of the rule. To the extent that *Jackson* may be read to stand for the proposition that the Rule 32.07(d) notice is an integral part of an application for a change of judge or that the Rule 32.07(c) time constraints apply to the 32.07(d) notice provision, we choose not to follow that opinion.

We recognize it might appear that we place ourselves in conflict with our opinion in *Bowling.* The conflict is illusory. The *Bowling* opinion makes clear that the dispositive issue on appeal in that case was the defendant's allegation of trial court error in failing to excuse a venireperson following her equivocal answers on voir dire. 734 S.W.2d at 569. Thus our seeming adherence in *Bowling* to the *Jackson* court's view that the 32.07(d) notice must accompany the application does not represent a holding of this court.

Moreover, the concurring opinions in *Bowling* make clear that we have not adopted the *Jackson* approach to the notice requirement. Judge Holstein would limit application of *Jackson* "to those cases in which a party makes a timely objection to the sufficiency of the notice by entering a special appearance for the purpose of making such objection." 734 S.W.2d at 577. Neither concurring judge in *Bowling* expressed the *Jackson* view that the notice must accompany the application, and each indicated his belief that the notice requirement could be waived by the party not seeking a change of judge. 734 S.W.2d at 577. "Where a majority of a multi-judge court arrive at the same general result but for different reasons—where it does not appear that a majority of the court agreed as to the reasoning or as to a particular ground of the decision—the case cannot be considered as authority on the point con-

---

5. The practice described in *Buford* appears to be that of filing a change of judge motion accompanied by a separate affidavit of disqualification. 577 S.W.2d at 826 [9, 10]. Another approach was to incorporate the request for a change of judge into the affidavit itself. *See, e.g., Thompson,* 472 S.W.2d at 352.

curred in by some but less than a majority." *State v. Smith,* 422 S.W.2d 50, 70 (Mo. banc 1967), *cert. denied* 393 U.S. 895, 89 S.Ct. 150, 21 L.Ed.2d 176 (1968).

We hold that the Rule 32.07(d) notice need not accompany the application for a change of judge, and the time limitations of Rule 32.07(c) do not apply to the notice requirement.[6] Having so held, we now must determine whether the relator's notice to defendant O'Connor provided him "an opportunity to be heard" so that he might "contest the form, timeliness and sufficiency of the [application]." *Buford,* 577 S.W.2d at 827.

What constitutes a reasonable length of time between the notice to the opposing party and presentation to the trial court for a ruling on the application is not the subject of an extensive body of case law. We note that in their concurring opinions in *Bowling,* Judge Greene said the state had "ample time" between May 14 and May 17 to contest the application, while Judge Holstein stated his belief that such time period afforded the state no "reasonable opportunity to object before the application was ruled on by the court." 734 S.W.2d at 577.

However, we need not determine whether O'Connor's attorney had "ample time" or "a reasonable opportunity" to "contest the form, timeliness and sufficiency" of the application, for we conclude he waived his Rule 32.07(d) notice protection. Just as a party in a criminal case may waive his right to a change of judge, *see, e.g., State v. Harmon,* 243 S.W.2d 326, 328 (Mo.1951); *State v. Perkins,* 339 Mo. 27, 95 S.W.2d 75, 77 (Banc 1936), the party for whose benefit the notice provision exists may waive the notice requirement. *See Bowling,* 734 S.W.2d at 577 (Greene, J., concurring, and Holstein, J., concurring).

O'Connor's attorney was served with a copy of the application and the notice. We already have concluded the two objections he did make are without merit; he made no objection that the notice did not provide him an opportunity to challenge the appli-

cation. We hold that O'Connor waived his right to challenge the sufficiency of the notice.

The relator's application complied with Rule 32.07. The trial court should have promptly sustained the application. The preliminary order in prohibition is made absolute.

FLANIGAN, C.J., concurs in separate opinion.

MAUS, J., dissents in separate opinion.

FLANIGAN, Chief Judge, concurring.

I concur. Rule 32.07(e) reads, in pertinent part: "If the application is timely filed, the judge shall promptly sustain the application...." This application was timely filed. It was the duty of the judge to sustain it promptly.

MAUS, Judge, dissenting.

I must dissent. A change of judge as a matter of right in a criminal proceeding is governed by Rule 32.07, effective January 1, 1982. The history of that rule is reviewed in *State ex rel. Jackson v. Thompson,* 661 S.W.2d 677 (Mo.App.1983). After considering that history, the court reached the following conclusion concerning the procedure required by that newly-adopted rule.

"The foregoing precedents clearly indicate that motions to change the venue and to disqualify a judge *must be accompanied by a reasonable notice of the time when the motions will be presented* and heard by the court. The present rules, significantly *in the conjunctive,* require that a notice of presentment for hearing be served on the opposing party. This was not done in proper form." *Id.* at 679. (Emphasis added.)

That construction of the rule to provide that an application is in proper form only when accompanied by a reasonable notice of the time when the motion will be presented has been consistently recognized.

---

6. There is, of course, nothing in Rule 32.07 that would prohibit a party from obtaining a hearing date prior to filing the application and then contemporaneously serving the opposing party with notice and a copy of the application.

*State v. Williams,* 747 S.W.2d 635 (Mo. App.1988); *State v. Bowling,* 734 S.W.2d 565 (Mo.App.1987). Cf. *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692 (Mo.App. 1990); *State ex rel. Ford Motor Co. v. Hess,* 738 S.W.2d 147 (Mo.App.1987); *Farnsworth v. Wee,* 720 S.W.2d 409 (Mo. App.1986).

There is nothing in the rule to indicate that an objection by an opposing party is necessary to establish an application is not in proper form as required by Rule 32.07. By the same token, the absence of objection, or even the agreement of the parties, cannot make an application not in proper form or timely filed the basis of a change of judge as a matter of right. A purpose of Rule 32.07 is to require prompt presentation of such applications to facilitate the control of the docket by the trial judge. In view of that purpose, when the Rule is considered in its entirety, I believe the construction recognized in *Jackson* and other cases cited is sound. I would adhere to that construction. In my opinion, a trial judge may properly deny an application for change of judge as a matter of right not accompanied by a timely-filed notice of the time when the application will be presented. For this reason, I would quash the preliminary writ in prohibition.