# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1712

_____

Timothy Donnell,                   *

                                 *

        Appellant,          *

                                 *   Appeal from the United States

    v.                          *   District Court for the Western

                                 *   District of Missouri.

Dave Dormire, Superintendent,   *

                               *   [UNPUBLISHED]

        Appellee.          *

_____

Submitted:  November 15, 1999

Filed:  January 12, 2000

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Timothy Donnell was convicted in state court of three counts of sodomy, *see* Mo. Ann. Stat. § 566.060.1, and one count of second-degree robbery, *see* Mo. Ann. Stat. § 569.030.1. The district court[1] denied his 28 U.S.C. § 2254 petition, and he appeals.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

The district court granted Mr. Donnell a certificate of appealability on his five claims of ineffective assistance of appellate counsel. *See* 28 U.S.C. § 2253(c)(1)(A). Mr. Donnell cannot prevail on these claims unless he shows that his appellate counsel's performance was objectively unreasonable and that there is a reasonable probability that the outcome of his appeal would have been different if his attorney had raised the omitted claims. *See Armstrong v. Gammon*, 195 F.3d 441, 444 (8th Cir. 1999). Appellate counsel need not raise every colorable claim, *see id.*, and, to be effective, counsel often must screen out weaker issues, *see Smith v. Murray*, 477 U.S. 527, 536 (1986).

Mr. Donnell first contends that his appellate counsel should have made two double jeopardy arguments. Having carefully reviewed the record, we conclude that Mr. Donnell was not prejudiced by his counsel's failure to argue that the three sodomy convictions violated the double jeopardy clause. Generally, the double jeopardy clause protects a defendant from multiple punishments in the same proceeding for the same offense. *See United States v. Bordeaux*, 121 F.3d 1187, 1190 (8th Cir. 1997). According to the evidence, Mr. Donnell, while repeatedly threatening to kill the victim, twice forced her to perform oral sex: once behind the counter at her place of business and once outside on a gravel lot. In between these two acts, Mr. Donnell forced the victim to unzip her pants, and he pushed his fingers into her vagina. During the ordeal he also went back and forth to the doors, apparently checking whether anyone was approaching. We believe that the evidence supports the conclusion that Mr. Donnell committed three acts of sodomy constituting distinct offenses under state law. *See* Mo. Ann. Stat. § 566.060.1; *see also Bland v. State*, 805 S.W.2d 192, 194 (Mo. Ct. App. 1991). We also find no merit to Mr. Donnell's contention that his appellate attorney should have argued that the double jeopardy clause precluded him from being convicted of both sodomy and robbery.

With regard to Mr. Donnell's remaining claims of ineffective assistance, we conclude that his appellate counsel reasonably omitted issues regarding the failure to

strike a potential juror, the refusal of a misidentification instruction, and the exclusion of evidence. We also reject Mr. Donnell's assertion that the state's answer to his § 2254 petition was insufficient to contest the merits of his ineffective-assistance claims.

Finally, we do not address Mr. Donnell's contention that the trial court erred by excluding the testimony of his expert witness, because the district court specifically denied him a certificate of appealability on that issue, and not until his reply brief did Mr. Donnell state that he sought such a certificate from this court. *See Carter v. Hopkins*, 151 F.3d 872, 874 (8th Cir. 1998), *cert. denied*, 119 S. Ct. 524 (1998) (district court's grant of certificate of appealability as to certain issues does not entitle appellant to argue other claims as well). We conclude, moreover, that Mr. Donnell did not make a "substantial showing" that the trial court's exclusion of the testimony deprived him of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.